COURT OF APPEALS
DECISION
DATED AND FILED

June 13, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2022AP1456**

STATE OF WISCONSIN

Cir. Ct. No.  2020SC17492

IN COURT OF APPEALS
DISTRICT I

JEFFREY L. KOENIG,

PLAINTIFF-APPELLANT,

STEVEN B. KOENIG, M.D.,

PLAINTIFF,

V.

AUDI NORTH SHORE,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: LINDSEY CANONIE GRADY, Judge. *Affirmed.*

¶1 BRASH, C.J.[1] Jeffrey L. Koenig, *pro se*, appeals from the court's granting of a motion for summary judgment dismissing his claims against Audi North Shore (Audi) and granting Audi's counterclaims. Audi has also filed a motion for costs on the grounds that Koenig filed a frivolous appeal. Upon review, we affirm the circuit court and deny Audi's motion for costs.

## BACKGROUND

¶2 On August 18, 2020, Jeffrey Koenig and Steven Koenig[2] filed a small claims action against Audi seeking recovery of money spent on vehicle repairs. The Koenigs alleged that Audi was negligent in its repair of their vehicle, resulting in multiple service visits. As relevant to this appeal, Audi filed a motion to dismiss as well as counterclaims. The counterclaims alleged that the Koenigs failed to pay for certain repairs and failed to pay vehicle storage fees. The small claims court granted a directed verdict to Audi, and the Koenigs requested judicial review by the circuit court.

¶3 The matter proceeded to the circuit court where Audi filed two summary judgment motions—one to dismiss the Koenigs' complaint and one for judgment on its counterclaims. The Koenigs opposed the motions and filed other documents with the circuit court alleging that at least one of Audi's affidavits was submitted in bad faith. Steven also wrote a letter to the circuit court stating that while the matter was still in small claims court, Audi's counsel threatened to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Only Jeffrey appeals the circuit court's summary judgment. We refer to Jeffrey and Steven by their first names to avoid confusion.

"expose my financial records and ruin my credit rating" if Koenig continued with litigation.

¶4      The circuit court held a hearing on the summary judgment motions and granted summary judgment in favor of Audi on both motions.  This appeal follows.

## DISCUSSION

¶5      "[A] circuit court's decision to grant summary judgment is a question of law that th[is] court reviews independently."  *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶28, 236 Wis. 2d 435, 613 N.W.2d 142. We conduct our review using the same methodology as utilized by the circuit court.  *See id.*, ¶30.  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* WIS. STAT. § 802.08(2).  A court considering a motion for summary judgment construes all facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party.  *See Thomas ex rel. Gramling v. Mallett*, 2005 WI 129, ¶4, 285 Wis. 2d 236, 701 N.W.2d 523.

¶6      We note first that Jeffrey's brief is rife with factual allegations and alleged factual disputes; however, he provides no evidentiary or legal support for any of his allegations.  Indeed, Jeffrey does not even provide the circuit court's reasoning for granting Audi's motions.  The order granting the motions states that the circuit court granted Audi's motions based on "the reasons stated on the record, affidavits on file and the briefs on file herein."  The record on appeal contains no transcript of the summary judgment hearing, provides this court with

no reason to assume that any of the affidavits the circuit court relied upon were false, and provides no evidentiary support of Audi's counsel's alleged threat. The appellant must ensure a complete record related to the issues on appeal. Missing material is assumed to support the circuit court's decision. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993).

¶7 As to Audi's motion for costs based on a frivolous appeal, we note that this court determines, as a matter of law, whether an appeal is frivolous. *See Tennyson v. School Dist. of Menomonie Area*, 2000 WI App 21, ¶33, 232 Wis. 2d 267, 606 N.W.2d 594. All doubts about whether an appeal is frivolous must be resolved in favor of the appellant. *See Rabideau v. City of Racine*, 2001 WI 57, ¶46, 243 Wis. 2d 486, 627 N.W.2d 795. Audi's motion is based on its contention that Jeffrey's appeal has no basis in law or fact and that neither of Jeffrey's allegations pertaining to a false affidavit and a threat by counsel were raised in the circuit court. While we agree that Jeffrey's brief-in-chief is full of factual allegations and devoid of any legal support for his claims, we disagree with Audi that Jeffrey failed to raise his other claims in the circuit court. Although not raised as counterclaims, Jeffrey did allege that at least one of Audi's affidavits was filed in bad faith in a circuit court filing and Steven submitted a letter to the circuit court stating that Audi's counsel threatened him. We decline to grant Audi's motion for costs.

¶8 For the forgoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.